IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW JOSEPH SIMET, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv420 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNIVERSITY OF NEBRASKA MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing No. 9, the Motion to Dismiss filed by the defendant, the University of Nebraska Medical Center ("UNMC"). Also before the court is Filing No. 12, the Motion for Hearing filed by the plaintiff, Andrew Joseph Simet. In his complaint, the plaintiff alleges that his wife of twelve years, Brenda Tiemann, is a patient at UNMC and that she has serious medical conditions for which she is not receiving appropriate medical treatment. The plaintiff seeks injunctive relief.[1]

In Filing No. 9, the defendant raises three reasons why this case should be dismissed. First, the named defendant, UNMC, is not the proper defendant. Second, this action cannot be brought in a federal court because of the bar of sovereign immunity, which shields the State of Nebraska and agencies of the State from suit in federal court. Third, Mr. Simet is not the proper plaintiff.

---

[1]The plaintiff primarily complains of Ms. Tiemann's medical care. However, he also states that he has experienced difficulty obtaining information about her condition, and that he has been denied access to Ms. Tiemann from time to time while she has been hospitalized.

**Wrong Defendant**

UNMC explains that the hospital in which Ms. Tiemann is a patient is actually operated by an affiliate organization, the Nebraska Medical Center. Therefore, the plaintiff has sued the wrong defendant.

**Wrong Court**

Under the federal civil rights laws, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). However, a state or a state agency is not a "person" who may be sued under § 1983. Hilton v. South Carolina Public Railways Com'n, 502 U.S. 197, 199-201 (1991), *citing* Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska or UNMC.

Also, UNMC, as a state agency, shares the State's sovereign immunity under the Eleventh Amendment to the U.S. Constitution. See, *e.g.*, Nebraska Methodist Health System, Inc. v. Department of Health, 543 N.W.2d 466, 469 (Neb. 1996): "Generally speaking, a suit against a state agency is a suit against the State itself." Accord County of Lancaster v. State, Dept. of Public Institutions, 529 N.W.2d 791, 794 (Neb. 1995): "For the purposes of applying the doctrine of sovereign immunity, a suit against an agency of the state is the same as a suit against the state."

State sovereign immunity, recognized and preserved by the Eleventh Amendment to the Constitution, prohibits a plaintiff from suing the State or its agencies and instrumentalities, except insofar as the State or the Congress of the United States has

2

abrogated the state's sovereign immunity. The nature of the plaintiff's claims is not entirely clear. If the plaintiff is attempting to bring a claim of medical malpractice for deficient medical care, such claims arise under state law.

Such claims against the State or its agencies may be brought only in a state court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (emphasis in original). See also Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." Accord Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Accord Trevelen v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

The Nebraska Legislature has waived sovereign immunity for certain kinds of tort actions against the state and its agencies. See the Nebraska State Tort Claims Act, Neb. Rev. Stat. §§ 81-8,209 *et seq.* However, the waiver of sovereign immunity under the State Tort Claims Act does not extend to actions maintained in federal court. See Neb. Rev. Stat. § 81-8,214: "Suits shall be brought in the district court of the county in which the act or omission complained of occurred or, if the act or omission occurred outside the

boundaries of the State of Nebraska, in the district court for Lancaster County." Thus, § 81-8,214 is a limited waiver of sovereign immunity which permits an action against the state or a state agency **exclusively** in state district court.

On the other hand, if the Nebraska Medical Center became a defendant, and UNMC were dismissed, the posture of this case could change. UNMC has not stated whether the Nebraska Medical Center is a State agency or a private organization which may be sued in federal court.

## Wrong Plaintiff

Even with a new defendant, and even if the Nebraska Medical Center lacks sovereign immunity, which the court does not determine at this time, Mr. Simet may not assert claims which belong to Brenda Tiemann. Pro se litigants may not represent other parties. See, e.g., Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D. Kan. 2001) (28 U.S.C. § 1654 "allows litigants to proceed either pro se or through counsel, not in any other manner. The statute does not permit pro se litigants to represent other parties, even their own children."). The same principle applies to a spouse.

Even a power of attorney does not confer authority on a layperson to act as representative in court for the person granting the power. See Megna v. U.S. Department of Navy, 317 F. Supp.2d 191, 192 (E.D.N.Y. 2004):

> Federal courts have rejected the notion that an agent with power of attorney may appear pro se on behalf of the principal .... In such cases, courts have discretionary power regarding disposition of the case. First, courts can dismiss the action .... Second, courts can dismiss the action without prejudice to the right of the principal to secure an attorney .... Finally, courts can order the documents filed by the agent stricken, together with an injunction forbidding further representation by the agent.

If Ms. Tiemann is conscious and competent to make her own decisions, she is the one who may bring suit to obtain redress for any perceived mistreatment of her by her medical providers. If she is not able to function, her court-appointed guardian may employ an attorney on her behalf to bring an action in state court under the State Tort Claims Act, if appropriate. However, Mr. Simet may sue only on his own behalf and only if his own rights have been infringed. At this time, Mr. Simet's complaint does not allege an invasion of his own rights.

THEREFORE, IT IS ORDERED:

1. That, because the defendant's Motion to Dismiss raises only issues of law, Filing No. 12, the plaintiff's Motion for Hearing, is denied; and Filing No. 9, the defendant's Motion to Dismiss, is taken under advisement until after September 18, 2006;

2. That the plaintiff shall have until September 18, 2006 to show cause in writing why this case should not be dismissed, without prejudice, in light of the principles discussed in this Memorandum and Order; and

3. That, in the absence of a timely and sufficient *written* response to the matters discussed in this Memorandum and Order, the plaintiff's complaint and this action will be subject to dismissal.

DATED this 31st day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge