IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW JOSEPH SIMET, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv420 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNIVERSITY OF NEBRASKA MEDICAL CENTER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Filing Nos. 15 and 16, the Motion to Be Heard and Gather Public Opinion and the Reply Regarding Memorandum and Order, filed by the plaintiff, Andrew Joseph Simet. Mr. Simet filed the documents in response to the court's Memorandum and Order of August 31, 2006 (Filing No. 14) directing him to show cause why this case should not be dismissed, without prejudice, in light of the matters raised in the defendant's Motion to Dismiss (Filing No. 9). The defendant moves for dismissal of this action because the claims advanced by the plaintiff belong to his wife, Brenda Tiemann; because the plaintiff named the wrong defendant, and because the cause of action asserted by the plaintiff does not arise under the Constitution or laws of the United States.

The plaintiff complains about the medical care experienced by his wife at the University of Nebraska Medical Center ("UNMC"). The defendant contends that the Nebraska Medical Center ("UMC") rendered the care challenged by the plaintiff, not UNMC. The plaintiff insists in Filing No. 16 that both UMC and UNMC treated his wife.

Whether or not the defendant has been correctly identified, Mr. Simet is not the proper plaintiff. While sympathetic to the plaintiff, the court cannot escape the legal

principle that only Ms. Tiemann or her attorney or a legal guardian, if one has been appointed for her, may assert Ms. Tiemann's claims. Even though the plaintiff considers a wrong committed against his wife to be a wrong committed against him also, the law does not share that view. Therefore, as discussed in Filing No. 14, if Ms. Tiemann has serious medical conditions for which she is not receiving appropriate medical treatment, as the plaintiff contends, she will have to bring her own lawsuit, and the plaintiff may not maintain any claims in court on her behalf.

The facts as alleged by the plaintiff, if true, suggest medical malpractice. The cause of action for the tort of medical malpractice arises under state law. In this case, because of the absence of any other jurisdictional basis, a medical malpractice claim must be brought in a state court. As explained in Filing No. 14, the State of Nebraska has not consented to federal court jurisdiction for tort claims against the State or its agencies including UNMC. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (emphasis in original). See also Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction."

The waiver of sovereign immunity under the State Tort Claims Act does not extend to actions maintained in federal court. See Neb. Rev. Stat. § 81-8,214: "Suits shall be brought in the district court of the county in which the act or omission complained of occurred or, if the act or omission occurred outside the boundaries of the State of

2

Nebraska, in the district court for Lancaster County." Thus, Neb. Rev. Stat. § 81-8,214 constitutes a limited waiver of sovereign immunity which permits an action against the State or a state agency **exclusively** in state district court. If, as the plaintiff states in Filing No. 16, the state court was closed for a holiday when he went there to file his complaint, he may return on another day.

In addition, although the plaintiff does not approve of the State's sovereign immunity, that immunity predates the Constitution of the United States and is recognized and preserved in the Eleventh Amendment to the Constitution. Public opinion about the fairness of sovereign immunity is of no consequence in the absence of an amendment to the United States Constitution. Thus, the relief sought in the plaintiff's Motion to Be Heard and Gather Public Opinion is beyond the power of this court, and Filing No. 15 must be denied.

For the reasons stated in this Memorandum and Order and in Filing No. 14, this case will be dismissed. The dismissal will be without prejudice, however, as there has been no adjudication on the merits of the plaintiff's cause.

THEREFORE, IT IS ORDERED:

1.    That Filing No. 9, the defendant's Motion to Dismiss, is granted insofar as the motion is consistent with this Memorandum and Order;

2.    That Filing No. 15, the plaintiff's Motion to Be Heard and Gather Public Opinion, is denied; and

3. That a judgment of dismissal without prejudice will be entered in accordance with this Memorandum and Order.

DATED this 18th day of September, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge